{¶ 20} I respectfully dissent, for I do not believe that it was necessary for the trial court to hold a hearing to determine the issues of waiver and the scope of the arbitration clause. R.C. 2711.02(B) provides that a court must stay proceedings "upon being satisfied that the issue involved in the action is referable to arbitration" and "provided the applicant for the stay is not in default in proceeding with arbitration." Thus, the plain language of the statute indicates that a trial court's decision to stay proceedings is conditioned on the initial determinations that the issues are arbitrable and that the party has not "defaulted" on the right to arbitrate.
 {¶ 21} I acknowledge the majority's observation that the trial court did not specify its position on these issues in its judgment entry granting the joint motion to stay proceedings and compel arbitration. However, the parties raised and argued these specific issues at the trial court level, and I would find, that, implicit in the court's grant of the motions, are the findings that the Boggs and BCH did not waive their right to arbitrate, and that the matters are arbitrable.
 {¶ 22} Therefore, I would have reviewed the merits of the Rehors' arguments, found that the trial court did not abuse its discretion in granting the joint motion to stay and compel arbitration of the Boggs and BCH, and ultimately overruled their sole assignment of error and affirmed the trial court's ruling.